

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~XXXXX
ATTORNEY GENERAL

April 3, 1939

Hon. T. H. Neel
County Attorney
Ward County
Monahans, Texas

Dear Sir:

Opinion No. O-497

Re: Whether officers named in Article 977, R.C.S., 1925, elective or appointive.

Your request for an opinion as contained in your letter of March 9th, to which the above opinion number has been assigned, has received the attention of this department. Permit us, therefore, to set forth the first three paragraphs of your letters as follows:

"We would like to have certain information, as a ruling from your office involving Article No. 977, R.C.S., 1925, relative to the election of City Marshall, City Attorney, etc., of Cities and Towns operating under Chapters 1 and 2, Title 28, under the following state of facts:

"All of the officers of the Cities and towns in question, except the Mayor and members of the City Council, have been heretofore appointed by the Mayor and City Council.

"Question: Where there is no demand or petition to the Mayor and City Council to place the names of parties on the ticket for election to the places of City Attorney, City Marshall, etc., is it necessary for them to fill such places by an election where not petitioned for, or may they continue to appoint them as they have heretofore, within their discretion."

The above article 977, Revised Civil Statutes 1925, reads as follows:

"The municipal government of the city shall consist of a city council composed of the mayor and two aldermen from each ward, a majority of whom shall constitute a quorum for the transaction of business, except at called meetings, or meetings for the imposition of taxes, when two-thirds of a full board shall be required, unless otherwise specified, provided that where the city or town is not divided into wards, the city council shall be

composed of the mayor and five aldermen, and the provisions of this title relating to proceedings in a ward shall apply to a whole city or town. Other officers of the corporation shall be a treasurer, an assessor and collector, a secretary, a city attorney, a marshal, city engineer, and such other officers and agents as the city council may from time to time direct. The office of treasurer, assessor and collector, city attorney, and city engineer may be dispensed with by an ordinance to that effect, and the powers and duties herein prescribed for such officers may be conferred by the council upon other officers. The above named officers shall be elected by the qualified electors of the city for a term of two years."

It does not appear from the wording of the above article 977 or from its legislative history that the Legislature intended to deny the electorate the power to elect other officers named and that such provision be applicable only to the mayor and aldermen. So long as one or more of the offices above created are not abolished by ordinance duly enacted, the statute provides in unmistakable language that they be filled by election. The fact that the city may dispense with one or more of the offices named, excepting the secretary, would not necessarily render inoperative the clear language of the statute as to such offices not dispensed with which portion reads:

"The above named officers shall be elected by the qualified electors of the city for a term of two years."

In tracing the history of the above statute we find same incorporated as Article 344, Revised Civil Statutes of Texas 1875, reading the substantially the same as our present article 977 with the exception of the last sentence, which prior to the amendment in 1881, read as follows:

"The above named officers shall be elected by the qualified electors of said city, as hereinafter provided for and shall hold their offices for two years and until the election and qualification of their successors."

We see by the above provision, that the last sentence of our present article has been a part of said statute since 1879. We find another provision inserted by the amendment of 1881 which did not exist prior thereto in Article 344 and which amendment added the following provision now a part of our present statute, "the office of treasurer, assessor and collector, city attorney and city engineer, may be dispensed with by an ordinance to that effect, and the powers and duties herein prescribed for such officers may be conferred by the council upon other officers." This last insertion, however, we attach very little importance. We do attach,

however, a great deal of weight to the ommission in the last sentence by the Legislature in 1881 of the words:

"And until the election and qualification of their successors."

Prior to the amendment of 1881, as found in our Article 977, it was only possible to fill a vacancy in any of such offices named by special election. The Legislature, however, by Acts of 1887, enacted our present Article 989, Revised Statutes 1925, which contains the following provisions:

"In case of a vacancy in any other office in the city, the mayor or acting-mayor shall fill such vacancy by appointment, to be confirmed by the city council."

We are unable to find any authority in our statutes granting the mayor and city council of cities and towns operating under Chapters 1 and 2, Title 28, Revised Civil Statutes of Texas, power to appoint persons to the offices named in Article 977, Revised Civil Statutes 1925.

It is, therefore, the opinion of this Department that such officers named in Article 977, Revised Civil Statutes 1925, and whose office has not been dispensed with as provided therein, shall be elected by the qualified electors and that in the event that no qualified person is nominated or elected to an office at the election so held, a vacancy will be declared and same filled as provided in Article 989, Revised Civil Statutes 1925.

Trusting the above answers your question, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. R. King

By        Wm. J. R. King
             Assistant

WmK;AW/cg

APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS